U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 24 2020
CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SCOTT ALLEN YRDANOFF,              §
                                   §
     Movant,                       §
                                   §
VS.                                §   NO. 4:20-CV-308-A
                                   §   (NO. 4:17-CR-193-A)
UNITED STATES OF AMERICA,          §
                                   §
     Respondent.                   §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Scott Allen Yrdanoff, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion and memorandum in support, the government's response, the record in the underlying criminal case, No. 4:17-CR-193-A, styled "United States v. Scott Allen Yrdanoff, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On September 20, 2017, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation

of 21 U.S.C. § 846. CR Doc.[1] 58. On October 13, 2017, movant was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine. CR Doc. 79.

On October 26, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged by the superseding information without benefit of a plea agreement. CR Doc. 82. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 84. They also signed a waiver of indictment. CR Doc. 83. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-193-A.

2

complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 140.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34 based on his being held accountable for 9.2 kilograms of methamphetamine. CR Doc. 94 ¶ 35. He received a two-level increase for maintaining a drug premises, id. ¶ 36, and a three-level increase for his role as manager or supervisor. Id. ¶ 38. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 42, 43. Based on his total offense level of 36 and a criminal history category of VI, movant's guideline imprisonment range was 324 to 405 months. Id. ¶ 110. Movant filed objections to the PSR, arguing that his sister Lisa's statement was unreliable and should not be relied upon in calculating drug amounts. CR Doc. 118 at 1. Specifically,

> [Lisa] is a drug user and her estimates cannot be deemed accurate or reliable. In a letter to Defendant dated February 4, 2018, Lisa admits to being high, even apparently when questioned by the authorities. She also implicitly suggests she made things up under pressure.

Id. at 2. The probation officer prepared an addendum to the PSR rejecting movant's objections, noting how the drug quantity had

3

been conservatively estimated to avoid double-counting and to exclude uncorroborated information or information not considered to be reliable. CR Doc. 104.

On March 27, 2018, movant was sentenced to a term of imprisonment of 324 months. CR Doc. 113. He appealed. CR Doc. 117. His sentence was affirmed. United States v. Yrdanoff, 752 F. App'x 184 (5th Cir. 2019). One of the grounds was the drug quantity calculation in which movant "challenge[d] the credibility of his sister's statements to interviewing agents." 752 F. App'x at 185. The appellate court noted that movant relied upon a letter not included in the record and, in any event, failed to cite any evidence rebutting the PSR's drug-quantity calculation. Id.

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion, worded as follows:

**GROUND ONE:** DUE PROCESS VIOLATED BASED ON GOVERNMENT'S USE OF FALSE STATEMENT BY LISA YRDANOFF TO CONVICT SCOTT YRDANOFF

Doc.[2] 1 at PageID[3] 4.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil case.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten numbers on the form are not the actual page numbers.

**GROUND TWO:** YRDANOFF'S GUILTY PLEA WSA [sic] NOT KNOWING AND VOLUNTARY BUT WAS BASED ON PROSECUTORIAL MISCONDUCT

Id. at PageID 5.

### III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345

(1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Movant's grounds, that his due process rights were violated and his plea was not knowing and voluntary, are barred because he did not raise them on direct appeal and has not shown cause for his failure to do so. Shaid, 937 F.2d at 232. Even if they could be raised here, movant has not shown that they have the slightest merit.

In support of his first ground, movant contends that he only pleaded guilty because Lisa, his sister, incriminated him and he believed he had no choice but to plead guilty to get a more lenient sentence. Doc. 1 at PageID 17. He says Lisa has now recanted her statement incriminating him and, in fact, "has fully exculpated him." Id. at PageID 4. Movant cites to Napue v. Illinois, 360 U.S. 264 (1959), for the proposition that his due process rights were violated, whether the government knew of the falsity of Lisa's testimony or not. What Napue actually says is

6

that a conviction obtained through the use of false evidence "known to be such by the representatives of the [government]" must fall under the Fourteenth Amendment. 360 U.S. at 269. The other cases upon which he relies make clear that, to trigger a due process violation, the perjured testimony must be of such an extraordinary nature that it leaves the court with the firm belief that, but for the perjured testimony, the defendant most likely would not have been convicted. Further, the defendant must have been unable to discover the falsity of the testimony using due diligence. See Sanders v. Sullivan, 863 F.2d 218, 226 (2d Cir. 1988).

Here, of course, movant said from the beginning that his sister's testimony was unreliable. This was the basis for a ground of his appeal and the Fifth Circuit noted that movant failed to provide any evidence rebutting what she said. Yrdanoff, 752 F. App'x at 185. The purported recantation letter is unsworn and lacks any detail. Doc. 1 at PageID 14-15. It starts with the contention that she "was attacked by 20 Agents in my front yard" and says that she does not remember what she said. Id. at PageID 14. "These are all made up lies against my brother." Id. What lies? The things she says she does not remember saying? Her conclusory allegations are insufficient to establish a due process violation of movant's rights.

7

In his second ground, movant argues that his plea was not knowing and voluntary because it was based on "the government's prosecutorial misconduct in inducing the plea based on Lisa's false statement." Doc. 1 at PageID 22. The contention that movant pleaded guilty solely because of his sister's allegedly false statements is ludicrous. The record reflects that movant was being investigated for drug trafficking before his sister was even named as a participant.[4] CR Doc. 1. Movant had a full understanding of the relevant circumstances and likely consequences of his conduct before pleading guilty. His "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. McKnight, 570 F.3d 641, 649 (5th Cir. 2009). His conclusory allegations are insufficient to entitle him to a hearing. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

V.

Order

The court ORDERS that movant's motion be, and is hereby, denied.

---

[4] Some of the evidence of movant's drug trafficking activity is recited in the government's response. Doc. 9 at 8-10.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 24, 2020.

JOHN McBRYDE
United States District Judge